UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 20-CR-193(2) (MJD/ECW)

_____

UNITED STATES OF AMERICA,

        Plaintiff,                               **DEFENDANT TEETER'S**
vs.                                           **RESPONSE TO THE**
                                                  **GOVERNMENT'S POSITION**
BENJAMIN RYAN TEETER (2),           **REGARDING SENTENCING**

        Defendant.

_____

## Introduction

On September 20, 2021, Mr. Teeter and the government filed their positions regarding sentencing. Mr. Teeter's sentencing hearing is now set for June 1, 2022.

In his original position regarding sentencing Mr. Teeter acknowledged the guideline sentence was 240 months due to a terrorism enhancement contained in the United States Sentencing Guidelines and requested the Court issue a sentence that is a "substantial downward variance" from that 240 month guideline sentence. The defense did not provide a specific proposed sentence.

Now, after further review of relevant materials, and a consideration of the Court's analysis in sentencing Mr. Teeter's codefendant Michael Solomon (whom the Court sentenced to 36 months imprisonment), the defense respectfully submits that a sentence of 36 months imprisonment would also an appropriate for Mr. Teeter in this case.

As the defense has already discussed the 18 U.S.C. § 3553(a) factors in its prior filing, those factors will only be briefly discussed here. Instead, much of this filing will

focus on why a 36-month sentence would not create unwarranted sentencing disparities among similarly situated defendants.

## Argument

1. ***A 36-month sentence would not create unwarranted sentencing disparities with similarly situated defendants nationally or with his codefendants***

The defense ordered a copy of the transcript of the March 10, 2022 sentencing hearing in which this Court sentenced Mr. Solomon. After reviewing this Court's thorough analysis, Counsel respectfully submits many of the same factors that were applicable to Mr. Solomon are applicable to Mr. Teeter.

In its analysis, the Court discussed a number of pertinent federal cases in Minnesota and nationally, including:

- Ivan Hunter, a codefendant who fired 13 shots with an AK-47 into the Third Precinct. Mr. Hunter—who will be further discussed later—would be sentenced by this Court to 52 months' imprisonment on April 5, 2022).

- Timothy Watson, a "big player" who, according to the U.S. Attorney for West Virginia, put 800 auto sears into the community (including the one sold to Steven Carillo, who killed two police officers in California). He received a 60 month sentence.

- Montez Lee, who was charged with arson of a pawn shop in the wake of the rioting after George Floyd's death, and a dead body was found in the building. He was in criminal history category IV and received a 120 month sentence.

- Matthew Rupert, another arsonist who burned down a Sprint store, who had a criminal history category of VI. He received a 105 month sentence.

- Alexander Heil, who was convicted of conspiracy to commit arson at a Wells Fargo bank. He received a 30 month sentence.

- Matthew White, who burned down the Enterprise Rent-a-Car business in St. Paul. He was in criminal history category 6 and received a 72 month sentence.

- McKenzy Dunn, who was convicted of conspiracy to commit arson, was in criminal history category 1 and received a downward departure under U.S.S.G. § 5K2.20 (aberrant behavior). She received a sentence of 3 years probation.

- Samuel Frey, Ms. Dunn's codefendant, who received a 27 month sentence.

- Garrett Ziegler, who was charged with aiding and abetting arson against the Dakota County Government Center in Apple Valley. He was in criminal history category I and received a 60 month sentence, which was the statutory mandatory minimum.

- Fornandous Henderson—Mr. Ziegler's codefendant—who was in criminal history category V and received a 78 month sentence.

- Dylan Robinson, Branden Wolff, Davon Turner, and Bryce Williams, who were convicted of conspiracy to commit arson against the Minneapolis Police Department's Third Precinct building, and received sentences of 48, 41, 36, and 27 months imprisonment respectively.

- Michael Dahlager, an unrelated Boogaloo case, who was charged with unlawful possession of auto sears, was in criminal history category I, and received a 24 month sentence.

Of course, while there are differences between these defendants' individual characteristics and between their offenses; these offense classes do contain some similar aspects. Specifically, they tend to involve the threatened, or perceived, or the actual use of force—especially against property—to express grievances against the government.

The defense also points the Court to those charged with various offenses after participating in the riots at the United States Capitol on January 6, 2021; as these offenses have some overlap with Mr. Teeter's offense.

3

A great number of those sentenced in these cases have probationary sentences or sentences measured in days, rather than months or years. *See, e.g.,* Nik Popli and Julia Zorthian, *What Happened to Jan. 6 Insurrectionists Arrested in the Year Since the Capitol Riot*, TIME MAGAZINE, Jan. 6, 2022 (available online at https://time.com/6133336/jan-6-capitol-riot-arrests-sentences/) (last accessed May 23, 2022) ("Only around one-tenth of those arrested—71 individuals—have received criminal sentences, while the rest are waiting for their trials or haven't yet reached plea agreements. According to the U.S. Attorney's Office for the District of Columbia, 31 defendants were sentenced to periods of incarceration, with longer prison terms for those who engaged in violence or threats. So far, the median prison sentence for the Jan. 6 rioters is 45 days. An additional 18 rioters have been sentenced to periods of home detention…"). The article also discusses some of the most infamous rioters, for example Devlyn Thompson, who was sentenced to 46 months in prison after he "assaulted a police officer with a metal baton. He also tried to throw a speaker at the police, but missed and ended up injuring another rioter." *Id*.

*See also* Michael Kunzelman, *Capitol rioter gets prison as feds reach 100 sentencings*, ASSOCIATED PRESS NEWS, Feb. 10, 2022 (available online at https://apnews.com/article/capitol-siege-iraq-middle-east-elections-amy-berman-jackson-59d2550b3036ed48d8d4e41a84617d73) (last accessed May 23, 2022) ("More than 730 people have been charged with federal crimes stemming from the riot on Jan. 6, 2021. Over 210 of them have pleaded guilty, mostly to misdemeanors with a maximum sentence of 6 months imprisonment."). The Associated Press further noted that Mr. Mark

4

Leffingwell was sentenced to six months imprisonment for punching two police officers during the Capitol riots, *id*, and that he was the fifth rioter to be sentenced for assaulting police officers—the previous four individuals were sentenced to between 41 to 63 months imprisonment. *Id*.[1]

Overall, Mr. Teeter respectfully submits that a consideration of these recent federal sentences supports a 36 month sentence for Mr. Teeter and that such a sentence would not create unwarranted sentencing disparities when compared with the national federal environment.

While this Court is in a better position to assess the relative culpabilities of the codefendants in this case than counsel is, Mr. Teeter also respectfully submits that a 36 month sentence would not create unwarranted sentencing disparities between him, Mr. Solomon, and Mr. Hunter. This is because Mr. Teeter is similar in relevant ways to Mr. Solomon (sentenced to 36 months) and less culpable than Mr. Hunter (sentenced to 52 months).

Like Mr. Solomon, Mr. Teeter would have a criminal history score of 1 but for the terrorism enhancement. Mr. Teeter's and Mr. Solomon's roles in the offense mirrored each other. Both participated in Boogaloo associations in Minneapolis after George Floyd's death, and, in the summer of 2020, both stayed with an individual they met

---

[1] The Department of Justice keeps an updated list of the defendants charged in incidents arising out of the January 6 Capitol incidents. It corroborates the above analysis, and is available online at https://www.justice.gov/usao-dc/capitol-breach-cases?combine=&order=changed&sort=desc.

during the protests. (PSR 11). As they went deeper down the Boogaloo rabbit hole, they discussed their plans together and with the confidential source (whom they met with together). As Mr. Solomon described it, the two of them could speak for each other and they were on the same page. (PSR 15.) Both have abandoned the Boogaloo ideology in its entirety and have taken every action they could to demonstrate their ideological shift. Mr. Teeter was actually the first to plead guilty, doing so in December 2020. Mr. Solomon's plea followed in May 2021.

Mr. Hunter's case is somewhat different. Like Mr. Teeter and Mr. Solomon, he came to Minneapolis around the time of the George Floyd protests, and the three of them associated to at least some degree. (PSR 56). Of course, during the night of the Third Precinct arson, Mr. Hunter fired 13 rounds from an AK-47 into the police building as the police were surrendering the premises to the rioters—an act Mr. Teeter has always decried. Counsel also does not know whether Mr. Hunter has abandoned the Boogaloo ideology as Mr. Teeter has.

Accordingly, it is logical that the Court gave Mr. Hunter a greater sentence than Mr. Solomon. Mr. Teeter respectfully submits that were this Court to sentence him to 36 months, it would respect the similarities between him and Mr. Solomon and would accurately reflect the differences between him and Mr. Hunter.

### 2. A 36-month sentence would respect the other goals of sentencing.

Rather than reiterate the facts and analysis in our earlier-filed position regarding sentencing, counsel adopts and incorporates those facts as though fully submitted herein. In short, Mr. Teeter has been incarcerated in Sherburne County Jail for nearly two years

and it appears he has changed a great deal during this time. When he was taken into custody he was very young—not yet twenty-one years old—and was highly radicalized. He has had a great deal of time to reflect while in jail. Both his words and actions indicate that he has no desire to participate in this type of activity in the future. He has shown acceptance of governmental authority. He is not angry with the government for prosecuting him and does not blame the government for this case.

     His friends and family continue to support him, knowing what he has done, and the earlier-filed letters of support say a great deal of positive things about Mr. Teeter. He wants to move on from this chapter of his life and have genuine connections with people, meaningful romantic relationships, and productive work.

     In our initial position regarding sentencing, the defense posited that there is a path to a peaceful, law-abiding, and non-threatening future for Mr. Teeter. The defense submits that—not only does such a path exist—Mr. Teeter has taken several firm steps down it. These facts (and the 18 U.S.C. § 3553(a) analysis discussed in our earlier position regarding sentencing) support a sentence of 36 months imprisonment.

Respectfully submitted,

Dated: May 25, 2022                    /s/ Ian S. Birrell

**Birrell Law Firm PLLC**
Andrew S. Birrell (Attorney No. 133760)
Ian S. Birrell (Attorney No. 0396379)
333 South 7th Street, Suite 3020
Minneapolis, MN 55402
Phone: (612) 238-1939
andy@birrell.law | ian@birrell.law

**Ryan Garry, Attorney, LLC**
Ryan P. Garry (Attorney No. 0336129)
Elizabeth R. Duel (Attorney No. 0393619)
333 South 7th Street, Suite 3020
Minneapolis, MN 55402
Phone: (612) 436-3051
Fax: (612) 436-3052
ryan@ryangarry.com | elizabeth@ryangarry.com

*Attorneys for Defendant*